Maura Walsh Ochoa (SBN 193799)
Jordan Everakes (SBN 251371)
GROTEFELD HOFFMANN
700 Larkspur Landing Circle, Suite 280
Larkspur, California 94939
Telephone: 415.344.9670
Facsimile:  415.989.2802

Attorneys for Plaintiffs
ROBERT VENEMAN, SANDRA VENEMAN, and
TEMPLE CREEK DAIRY, INC.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VENEMAN, SANDRA VENEMAN, AND TEMPLE CREEK DAIRY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CNH INDUSTRIAL AMERICA LLC, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** <br><br> (DEMAND FOR JURY TRIAL) |

Plaintiffs, Robert Veneman, Sandra Veneman, and Temple Creek Dairy, Inc. ("Veneman"), by their attorneys, sues Defendant CNH Industrial America LLC ("CNH"). As grounds for its complaint, Veneman states as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C.A. §1332.

2. The amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs, which is the sum specified by 28 U.S.C. § 1332.

3. This Court has personal jurisdiction over CNH by virtue of its transacting and doing business in this judicial district, its other contacts with this district, and/or its purposeful availment of the benefits of the laws of this judicial district.

1

4. Venue is appropriate in this judicial district under 28 U.S.C.A. § 1391(a), because Robert and Sandra Veneman are California residents and Temple Creek Dairy, Inc. is a California corporation and Defendant is a Delaware corporation.

5. Venue is proper within this jurisdiction pursuant to 28 U.S.C.A. § 1391(b) because the situs of the incident giving rise to this occurred in San Joaquin County, California.

## PARTIES

6. Robert and Sandra Veneman are California residents and citizens of the State of California who owned real and personal located at or near 26250 Carter Road, Escalon, California.

7. Temple Creek Dairy, Inc. is a corporation organized under the laws of the State of California, having its principle place of business in Escalon, California.

8. At all times relevant, Temple Creek owned real and personal property located at or near 26250 Carter Road, Escalon, California.

9. CNH is a foreign limited liability company organized under the laws of the State of Delaware, having its principle place of business in Racine, Wisconsin.

10. At all times relevant, Veneman were the owners of the Case IH Magnum 315 Tractor, Serial Number ZCRD06288 ("the Tractor").

## STATEMENT OF FACTS

11. Upon information and belief, CNH was and/or is the manufacturer of the Tractor.

12. On or about March 14, 2013, Veneman purchased the Tractor from N&S Tractor.

13. At all times relevant herein, CNH provided a warranty for the Tractor.

14. On or about May 27, 2016, the Tractor, while parked at 26250 Carter Road, Escalon, California, started on fire.

15. As a result of the fire, the Tractor was destroyed and Veneman suffered damages in an amount in excess of $75,000.00.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

16. Veneman incorporates by reference the allegations of paragraphs 1 through 16 of this complaint as though fully set forth herein.

17. At all relevant times, CNH owed Veneman a duty to exercise reasonable skill and care in designing, manufacturing, assembling, testing, inspecting, distributing, and selling the Tractor.

18. Notwithstanding this duty, and in breach thereof, CNH, by and through its employees, agents, and/or representatives, was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection, distribution, and/or sale of the Tractor.

19. As a direct and proximate result of the negligence of CNH, a fire originated within the Tractor and damaged or destroyed the Tractor as well as other property owned by Veneman.

20. As a result of said fire, Veneman suffered the damages described in paragraph 15, above.

## SECOND CAUSE OF ACTION
## (BREACH OF WARRANTIES)

21. Veneman incorporates by reference the allegations of paragraphs 1 through 21 of this complaint as though fully set forth herein.

22. Defendant CNH expressly or impliedly warranted the fitness and merchantability of the Tractor described herein.

23. At all relevant times, CNH was in the business of selling, designing, manufacturing, advertising, marketing, distributing, and/or servicing products such as the Tractor, including the subject Tractor.

24. Defendant CNH has breached the aforementioned express or implied warranties of fitness and merchantability.

25. Veneman took reasonable steps to notify CNH within a reasonable time that the Tractor was not as represented.

26. At the time of purchase, CNH knew or had reason to know that Veneman intended to use the Tractor as a tractor.

27. As a manufacturer, etc. of tractors, CNH knew or had reason to know that Veneman would rely on the skill and judgment of NCH in their purchase and use of the Tractor, which

3

1 reliance was justified.

2 28. The Tractor was not fit for its intended use as a tractor because it caught on fire during use.

29. The Tractor was not fit for the ordinary purposes of tractors or did not conform to the quality established by the prior dealings or course of trade between Veneman and CNH.

30. Veneman took reasonable steps to notify CNH within a reasonable time that the Tractor did not have the expected quality.

31. Said breaches of warranties were a direct and proximate cause of Veneman's damages described in paragraph 15, above.

## THIRD CAUSE OF ACTION
## (STRICT PRODUCT LIABILITY)

32. Veneman incorporates by reference the allegations of paragraphs 1 through 32 of this complaint as though fully set forth herein.

33. At all relevant times, CNH was in the business of selling, designing, manufacturing, advertising, marketing, distributing, and/or servicing products such as the Tractor, including the subject Tractor.

34. The Tractor (and its component parts) was expected to reach the general public and consumers in the condition in which it was manufactured, designed, assembled, tested, distributed, marketed, merchandised, advertised, serviced, and sold.

35. CNH knew or had reason to know that the purchaser and user of the Tractor would rely on the skill and judgment of CNH it its sale, design, manufacture, and distribution of such products and that those products would be used by consumers like Veneman without inspection for defects.

36. CNH had a duty not to sell or supply products, including the Tractor, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

37. Upon information and belief, the Tractor was defective and unreasonably dangerous when it left CNH's control and was placed into the stream of commerce.

38. Upon information and belief, the Tractor reached Veneman without substantial change.

39. At all relevant times, Veneman used the Tractor for its customary, reasonably foreseeable, and intended purpose.

40. When the Tractor left CNH's control and was placed into the stream of commerce, it was unreasonably dangerous and defective.

41. CNH failed to provide a safe product by failing to properly manufacture, style, assemble, install, construct, advertise, promote, import, sell and distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent loss.

42. As a direct and proximate result of the aforementioned defect and/or unreasonably dangerous conditions of the Tractor, a fire originated within the Tractor and damaged or destroyed the Tractor as well as other personal property.

43. As a result of said fire, Veneman suffered the damages described in paragraph 15, above.

## FOURTH CAUSE OF ACTION
## (FAILURE TO WARN)

44. Veneman incorporates by reference the allegations of paragraphs 1 through 44 of this complaint as though fully set forth herein.

45. CNH negligently failed to provide Veneman with reasonable warnings of defects and hazards which it knew or should have known were present in the Tractor described herein.

46. As a direct and proximate result of the aforementioned failure to warn, Veneman suffered damages described in paragraph 15, above.

## REQUEST FOR RELIEF

WHEREFORE, Veneman prays for judgment against CNH:

1. For monetary damages in the amount to be proven at trial, which may exceed $75,000.00;
2. For prejudgment interest and post-judgment interest according to proof at trial;
3. For attorneys' fees and cost of suit where allowed by law; and
4. For such other relief as the Court deems just and proper.

WHEREFORE, Plaintiffs Robert Veneman, Sandra Veneman, and Temple Creek Dairy, Inc. respectfully request this Honorable Court enter a judgment against Defendant CNH Industrial America LLC in an amount in excess of at least $75,000.00, including interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiffs Robert Veneman, Sandra Veneman, and Temple Creek Dairy, Inc. hereby request a jury trial on all issues raised in this complaint.

Dated this 24th day of May, 2019

**GROTEFELD HOFFMANN**

Jordan Everakes
Attorneys for Plaintiffs

COMPLAINT