1 HANSON BRIDGETT LLP
  MERTON A. HOWARD, SBN 161125
2 mhoward@hansonbridgett.com
  SHANNON M. NESSIER, SBN 267644
3 snessier@hansonbridgett.com
  KAYLEN KADOTANI, SBN 294114
4 kkadotani@hansonbridgett.com
  425 Market Street, 26th Floor
5 San Francisco, California 94105
  Telephone:     (415) 777-3200
6 Facsimile:     (415) 541-9366

7 Attorneys for CNH Industrial
  America LLC

8
                **UNITED STATES DISTRICT COURT**
9               **EASTERN DISTRICT OF CALIFORNIA**

10

11 ROBERT VENEMAN, SANDRA VENEMAN | Case No. 2:19-CV-00947-WBS-CKD
   and TEMPLE CREEK DAIRY, INC.,
12                                | **ANSWER OF DEFENDANT CNH**
            Plaintiffs,           | **INDUSTRIAL AMERICA LLC**
13
        v.
14
   CNH INDUSTRIAL AMERICA LLC,
15
            Defendant.
16

17      Defendant CNH Industrial America LLC ("CNH"), by counsel,

18 for its Answer to the Complaint of Plaintiffs Robert Veneman,

19 Sandra Veneman, and Temple Creek Dairy, Inc. (collectively,

20 "Plaintiffs") in the above action (the "Complaint"), states as

21 follows:

22                    **JURISDICTION AND VENUE**

23      1.    CNH admits the allegations contained in Paragraph 1 of

24 the Complaint.

25      2.    CNH admits the allegations contained in Paragraph 2 of

26 the Complaint.

27      3.    The allegations contained in Paragraph 3 of the Complaint

28 state conclusions of law to which no response is required.  To the

extent that a response is required, CNH admits that it is a Delaware limited liability company that is authorized to do and does business in the state of California with a principal place of business in Wisconsin. CNH denies any allegations contained in Paragraph 3 of the Complaint not expressly admitted herein.

4. The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, CNH admits that it is a Delaware limited liability company that is authorized to do and does business in the state of California with a principal place of business in Wisconsin. CNH denies any allegations contained in Paragraph 4 of the Complaint not expressly admitted herein.

5. The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, CNH admits, upon information and belief, that Plaintiffs purchased a 2012 Case Magnum 315 tractor bearing serial number ZCRD06288 (the "Tractor"). CNH denies any allegations contained in Paragraph 5 of the Complaint not expressly admitted herein.

**PARTIES**

6. CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7. CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 8 of the Complaint, and therefore denies them.

9.    In response to Paragraph 9 of the Complaint, CNH admits that it is a Delaware limited liability company that is authorized to do and does business in the state of California with a principal place of business in Wisconsin.    CNH denies any allegations contained in Paragraph 9 of the Complaint not expressly admitted herein.

10.    CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

**STATEMENT OF FACTS**

11.    CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12.    In response to Paragraph 12 of the Complaint, CNH admits, upon information and belief, that Plaintiffs purchased the Tractor. CNH denies any allegations contained in Paragraph 12 of the Complaint not expressly admitted herein.

13.    In response to Paragraph 13 of the Complaint, CNH admits, upon information and belief, that Plaintiffs purchased the Tractor. CNH denies any allegations contained in Paragraph 13 of the Complaint not expressly admitted herein.

14.    In response to Paragraph 14 of the Complaint, CNH admits that on or about May 27, 2016, a fire occurred in California involving the Tractor.    CNH denies any allegations contained in Paragraph 14 of the Complaint not expressly admitted herein.

15.    In response to Paragraph 15 of the Complaint, CNH admits that on or about May 27, 2016, a fire occurred in California

involving the Tractor.  CNH denies any allegations contained in Paragraph 15 of the Complaint not expressly admitted herein.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE)

16.  CNH incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

17.  In response to Paragraph 17 of the Complaint, CNH admits that California law sets out certain duties for manufacturers.  CNH specifically states that at all times, CNH complied with California law.  CNH states that California law is itself the best evidence of its contents.  CNH denies any allegations contained in Paragraph 17 of the Complaint inconsistent with California law or not expressly admitted herein.

18.  CNH denies the allegations contained in Paragraph 18 of the Complaint.

19.  In response to Paragraph 19 of the Complaint, CNH admits that on or about May 27, 2016, a fire occurred in California involving the Tractor.  CNH denies any allegations contained in Paragraph 19 of the Complaint not expressly admitted herein.

20.  CNH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

### SECOND CAUSE OF ACTION
### (BREACH OF WARRANTIES)

21.  CNH incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

22.  In response to Paragraph 22 of the Complaint, CNH admits, upon information and belief, that Plaintiffs purchased the Tractor.

–4–

CNH denies any allegations contained in Paragraph 22 of the Complaint not expressly admitted herein.

23. In response to Paragraph 23 of the Complaint, CNH admits that it is a Delaware limited liability company that is authorized to do and does business in the state of California with a principal place of business in Wisconsin. CNH further admits, upon information and belief, that Plaintiffs purchased the Tractor. CNH denies any allegations contained in Paragraph 23 of the Complaint not expressly admitted herein.

24. CNH denies the allegations contained in Paragraph 24 of the Complaint.

25. CNH denies the allegations contained in Paragraph 25 of the Complaint.

26. CNH denies the allegations contained in Paragraph 26 of the Complaint.

27. CNH denies the allegations contained in Paragraph 27 of the Complaint.

28. CNH denies the allegations contained in Paragraph 28 of the Complaint.

29. CNH denies the allegations contained in Paragraph 29 of the Complaint.

30. CNH denies the allegations contained in Paragraph 30 of the Complaint.

31. CNH denies the allegations contained in Paragraph 31 of the Complaint.

///

///

///

15610014.1

### THIRD CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY)

32. CNH incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

33. In response to Paragraph 33 of the Complaint, CNH admits that it is a Delaware limited liability company that is authorized to do and does business in the state of California with a principal place of business in Wisconsin. CNH further admits, upon information and belief, that Plaintiffs purchased the Tractor. CNH denies any allegations contained in Paragraph 33 of the Complaint not expressly admitted herein.

34. In response to Paragraph 34 of the Complaint, CNH admits that California law sets out certain duties for manufacturers. CNH specifically states that at all times, CNH complied with California law. CNH states that California law is itself the best evidence of its contents. CNH denies any allegations contained in Paragraph 34 of the Complaint inconsistent with California law or not expressly admitted herein.

35. CNH denies the allegations contained in Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint, CNH admits that California law sets out certain duties for manufacturers. CNH specifically states that at all times, CNH complied with California law. CNH states that California law is itself the best evidence of its contents. CNH denies any allegations contained in Paragraph 36 of the Complaint inconsistent with California law or not expressly admitted herein.

37. CNH denies the allegations contained in Paragraph 37 of

15610014.1

1  the Complaint.

2      38.   CNH is without knowledge or information sufficient to
3  form a belief as to the truth of the allegations contained in
4  Paragraph 38 of the Complaint, and therefore denies them.

5      39.   CNH is without knowledge or information sufficient to
6  form a belief as to the truth of the allegations contained in
7  Paragraph 39 of the Complaint, and therefore denies them.

8      40.   CNH denies the allegations contained in Paragraph 40 of
9  the Complaint.

10      41.   CNH denies the allegations contained in Paragraph 41 of
11  the Complaint.

12      42.   In response to Paragraph 42 of the Complaint, CNH admits
13  that on or about May 27, 2016, a fire occurred in California
14  involving the Tractor.  CNH denies any allegations contained in
15  Paragraph 42 of the Complaint not expressly admitted herein.

16      43.   CNH is without knowledge or information sufficient to
17  form a belief as to the truth of the allegations contained in
18  Paragraph 43 of the Complaint, and therefore denies them.

19

20  **FOURTH CAUSE OF ACTION**
**(FAILURE TO WARN)**

21      44.   CNH incorporates by reference all the answers contained
22  in the paragraphs above as if fully set forth herein.

23      45.   CNH denies the allegations contained in Paragraph 45 of
24  the Complaint.

25      46.   CNH is without knowledge or information sufficient to
26  form a belief as to the truth of the allegations contained in
27  Paragraph 46 of the Complaint, and therefore denies them.

28      47.   The remainder of the Complaint sets forth a prayer for

relief to which no response is required.  To the extent a response is required, CNH denies that Plaintiff is entitled to the relief it seeks.

**AFFIRMATIVE AND OTHER DEFENSES**

48.  CNH denies all allegations contained in the Complaint that are not specifically admitted in this Answer.

49.  The Complaint, and each count therein, fails to state a claim upon which relief can be granted.

50.  Plaintiffs' claims are barred, in whole or in part, because the injuries and damages claimed, if any, were caused in whole or in part by Plaintiffs' own negligence or fault and/or the negligence or fault of third parties.

51.  Plaintiffs' damages, if any, were caused in whole or in part by acts or omissions of persons whose conduct CNH is not responsible for and whose conduct CNH had no reason to anticipate.

52.  Pending discovery, Plaintiffs' damages, if any, were caused or brought about by the active and primary negligence or the intervening and superseding negligence of third parties over whom CNH had no control and for which CNH has no liability.

53.  Plaintiffs' alleged damages were caused, brought about or contributed to by Plaintiffs' own negligence, which bars the claims in whole or in part.

54.  CNH is entitled to the benefit of all defenses and presumptions which may arise on grounds that the design, manufacture, warnings, and instructions that are the subject of the Complaint were in conformity with the generally recognized, reasonably available, and reliable state of the art and prevailing standards in the industry at the time the product was manufactured.

55. All or parts of Plaintiffs' claims are barred by the applicable statute of limitations and/or the equitable doctrines of waiver, estoppel, or laches.

56. CNH relies upon all terms, conditions, presumptions, and defenses contained in or arising from the terms of any applicable warranty.

57. If Plaintiffs have suffered or will suffer any damages as alleged in its Complaint, which CNH denies, such damages have been and will be proximately caused, in whole or in part, by the negligent or intentional and unforeseeable misuse, abuse or alteration of the products alleged to have caused Plaintiffs' purported injuries, which misuse, abuse, or alteration bars or diminishes any recovery by Plaintiffs against CNH.

58. The Complaint must fail because any claims for breach of warranty are barred and precluded by the failure of Plaintiffs or anyone to give reasonably prompt notice of any alleged breach of any alleged warranties or to otherwise fulfill conditions of any alleged warranties.

59. Plaintiffs did not rely upon any warranties, representations, instructions or warnings allegedly made or given by CNH.

60. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs used the product at issue in a manner or in an activity contrary to express written instructions or warnings appearing on or attached to the product or on the product's original containers or wrappers.

61. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to join all parties who are

necessary and/or indispensable to a just adjudication of this action.

62. If Plaintiffs have suffered or will suffer any damages as alleged in the Complaint, which CNH denies, such damages were directly caused or directly contributed to by Plaintiffs:

    (a) failure to use the product as reasonably anticipated by the manufacturer;

    (b) use of the product for a purpose not intended by the manufacturer;

    (c) use of the product with knowledge of a danger involved in such use with reasonable appreciation of the potential consequences and the voluntary and unreasonable exposure to said danger;

    (d) unreasonable failure to appreciate the danger involved in use of the product or the consequences thereof and the unreasonable exposure to said danger;

    (e) failure to undertake the precautions a reasonably careful user of the product would take to protect himself against dangers, which he would reasonably appreciate under the same or similar circumstances; and/or

    (f) failure to mitigate damages.

63. Any alleged unreasonably dangerous or defective condition in the product of CNH did not exist at the time it left the control of CNH.

64. The product allegedly manufactured and sold by CNH was out of the direction and control of CNH over a material time and during that time, CNH had no control over the installation,

15610014.1

maintenance, use, or any other aspect of the ownership or control of the product.

65. In the event of an adjudication of the issues in this case whereby CNH is held liable to respond in damages to the Plaintiffs, CNH prays for a determination of the contributory or comparative fault of Plaintiffs and for a determination and apportionment of the negligence or fault of all relevant parties, including Plaintiffs and others who are not parties but who may be responsible for any alleged damages claimed by Plaintiffs, and for an appropriate reduction of CNH's responsibility for the payment of the damages that may be awarded to Plaintiffs.

66. Any sale contract contained a legal, proper, and effective disclaimer of warranties, express or implied.

67. Any warranty given properly and effectively limited the remedies and damages that the Plaintiff may recover, pursuant to California law.

68. Plaintiffs may not recover on any theory of tort in the Complaint because the sale at issue was a transaction in goods governed by the Uniform Commercial Code of the State of California and there is no cause of action for any tort allowable in this situation.

69. The economic loss doctrine bars recovery for both breach of warranty and product defect when the only damage is to the product sold.

70. Plaintiffs may not recover its attorneys' fees because California follows the American Rule regarding the recovery of attorneys' fees and no provision of any sales contract that allegedly exists nor any provision of the UCC permits the recovery

1  of attorneys' fees and attorneys' fees are not within the damages

2  permitted by California law for a breach of warranty claim.

3      71.  Plaintiffs lack standing to bring this claim.

4      72.  Plaintiffs' claims fail due to the lack of privity between

5  Plaintiffs and CNH.

6      73.  CNH reserves the right to amend its Answer and to add any

7  other defenses (affirmative or otherwise) and make appropriate

8  third-party claims which may be discerned to be applicable after

9  further discovery.

10      WHEREFORE, CNH Industrial America LLC requests:

11      (a)  a jury trial as to all triable issues;

12      (b)  the Complaint be dismissed with prejudice;

13      (c)  judgment be entered in favor of CNH and against

14         Plaintiffs for the claims contained in the Complaint;

15      (d)  the Court award CNH its costs including attorneys'

16         fees; and

17      (e)  CNH be granted such further relief as to which it may

18         be entitled.

19

20  DATED:  June 21, 2019          HANSON BRIDGETT LLP

21

22                         By:    */s/ Shannon M. Nessier*
                                MERTON A. HOWARD
23                                SHANNON M. NESSIER
                                KAYLEN KADOTANI
24                                Attorneys for CNH Industial
                                America LLC
25

26

27

28