HANSON BRIDGETT LLP
MERTON A. HOWARD, SBN 161125
mhoward@hansonbridgett.com
SHANNON M. NESSIER, SBN 267644
snessier@hansonbridgett.com
KAYLEN KADOTANI, SBN 294114
kkadotani@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendant
CNH Industrial America LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT VENEMAN, SANDRA VENEMAN and TEMPLE CREEK DAIRY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CNH INDUSTRIAL AMERICA LLC, <br><br> Defendant. | Case No. 2:19-cv-00947-WBS-CKD <br><br> **CNH INDUSTRIAL AMERICA LLC'S RULE 26 INITIAL DISCLOSURES** |

Defendant CNH Industrial America LLC ("CNH"), by counsel and pursuant to Fed. R. Civ. P. 26(a)(1)(A), hereby submits the following Initial Disclosures.

CNH provides these initial disclosures but anticipates that it may be able to identify additional witnesses or documents, if any, after the conclusion of discovery. The following disclosures are made based on the information reasonably available to CNH as of the date of this disclosure and represent CNH's good faith effort to identify information pertaining to the allegations of Plaintiff's Complaint, as required under Rule 26(a)(1).

In making these required disclosures, CNH reserves its right to assert any applicable or appropriate objections, including but not limited to, objections that relate to the following: (1) the disclosure of documents, data compilations, and tangible things that contain confidential, proprietary, and/or trade secret information; and (2) the disclosure of documents, data compilations, and tangible things that contain information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine that restricts or prohibits the discovery of documents or information.

CNH reserves the right to supplement this disclosure upon the discovery of additional information or, to the extent Plaintiff asserts, clarifies, modifies, or otherwise develops additional defect theories in this lawsuit.

I. **Individuals Likely to Have Discoverable Information**

CNH makes these initial disclosures without waiving any argument concerning the relevancy or admissibility of, or proper weight to be accorded to, any of the information known by the persons listed below. CNH thus reserves the right to object to all or any part of the testimony that may be provided by these persons. CNH is continuing the investigation and may in the future identify additional persons, including third parties, who are likely to have discoverable information that CNH may use to support its position. In that event, CNH will supplement these disclosures.

Based on CNH's current investigation, CNH is aware of the individuals listed below.

1. **Robert Veneman**. Plaintiff Robert Veneman is expected to have information regarding the purchase of the 2012 Case Magnum 315 tractor bearing serial number ZCRD06288 (the "Subject Tractor"), facts surrounding the subject incident, the alleged damages sustained to the Subject Tractor, and other related matters.

2. **Sandra Veneman**. Plaintiff Sandra Veneman is expected to have information regarding the purchase of the Subject Tractor, facts surrounding the subject incident, the alleged damages sustained to the Subject Tractor, and other related matters.

3. **Representatives of Temple Creek Dairy, Inc.** Representatives of Temple Creek Dairy, Inc. are expected to have information regarding the purchase of the Subject Tractor, facts surrounding the subject incident, the alleged damages sustained to the Subject Tractor, and other related matters.

4. **Representatives of Nationwide Mutual Insurance Company**. Representatives of Nationwide Mutual Insurance Company ("Nationwide")—including but not limited to adjusters, inspectors, or anyone else who handled the insurance claim—are expected to have information regarding the facts surrounding the subject incident, the alleged damages sustained to the Subject Tractor, and other related matters.

5. **Representatives of Defendant CNH Industrial America LLC**. CNH Industrial America LLC is the Defendant in this action, and representatives of CNH may be called to rebut allegations made in the Complaint. The scope of the testimony for this (these) witness(es) may be refined as discovery proceeds in this matter.

6. **Representatives of Magnum Equipment Co., Inc.** Representatives of Magnum Equipment Co., Inc. may have information about the sale and/or repairs to the Subject Tractor at issue in the Complaint.

7. **Representatives of N&S Tractor**. Representatives of N&S Tractor may have information about the repairs to the Subject Tractor at issue in the Complaint.

8. Any individuals who were operating the Subject Tractor on behalf of Plaintiffs or who witnessed the operation of the Subject Tractor on the day of the incident described in the Complaint may have information about the facts surrounding the subject incident, the alleged damages sustained to the Subject Tractor, and other related matters.

9. Any emergency responders who responded to the fire on the day of the incident may have information about the facts surrounding the subject incident, the alleged damages sustained to the subject Tractor, and other related matters.

10. Any person identified in any party's discovery responses and/or document production.

11. Any person identified in any party's initial disclosures made under Rule 26(a)(1).

12. All individuals and/or witnesses hereafter identified through discovery.

II. **All Documents in CNH's Possession, Custody, or Control Relevant to Disputed Facts**

In preparing this Disclosure Statement, CNH has not disclosed information or documents that are protected either by the attorney-client privilege or the work-product doctrine. CNH also objects to disclosing its proprietary materials, trade secrets, attorney work-product, and/or attorney-client privileged materials relating to its investigation of the subject incident, including any summaries of interviews with witnesses or other persons who may have knowledge of matters relating to the subject

CNH INDUSTRIAL AMERICA LLC's RULE 26 INITIAL DISCLOSURES

incident. CNH further objects to producing work product and/or attorney-client privilege materials relating to any future investigation, including future interviews of witnesses, that it conducts pertaining to this case.

Based on what is currently known regarding Plaintiffs' theory of liability, CNH identifies the following categories of things and documents that it may use to support its defenses in this matter:

1. Equipment Fire Report;
2. Copy of signed Warranty;
3. Correspondence between Nationwide and CNH;
4. Documents provided to CNH by Nationwide;
5. Photographs of the Subject Tractor;
6. Product Information, including but not limited to the applicable Operator's Manual, which should already be in Plaintiff's possession;
7. The subject 2012 Case Magnum 315 tractor bearing serial number ZCRD06288 identified in Paragraph 10 of Plaintiffs' Complaint (referenced herein as the "Subject Tractor"); and
8. Anything identified by Plaintiffs in their disclosures, through discovery, or otherwise.

Investigation and discovery are ongoing, and CNH reserves the right to supplement this list of documents and things as necessary.

III. **<u>Computation of Damages</u>**

CNH does not claim any damages other than attorney's fees and costs incurred in defending this action.

IV. **Insurance Agreement(s)**

Not applicable. CNH is self-insured in an amount that exceeds any foreseeable judgment in this matter.

DATED: September 13, 2019  HANSON BRIDGETT LLP

By: */s/ Shannon M. Nessier*
MERTON A. HOWARD
SHANNON M. NESSIER
KAYLEN KADOTANI
Attorneys for CNH Industial
America LLC